UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THERON PRESTON WASHINGTON,   CIVIL NO. 16-960 (JNE/JSM)

    Plaintiff,

v.   <u>REPORT AND RECOMMENDATION</u>

REPRESENTATIVE RAYMOND DEHN,

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

    Plaintiff Theron Preston Washington commenced this action by filing a complaint alleging violations of federal law by defendant Representative Raymond Dehn. Washington did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. Washington's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

    Based on the information provided by Washington in his IFP application, the Court finds that Washington qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint

1

need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Washington alleges that he submitted two pieces of proposed legislation to defendant Raymond Dehn, a member of the Minnesota House of Representatives. Despite Washington's urging, Dehn has not put these bills forward for the further consideration of the state legislature as a whole. Washington urges in his complaint that the Court require the Minnesota Legislature to consider the proposed legislation submitted to Dehn.

This is a frivolous lawsuit. Although Washington invokes the Copyright Act of 1976, 17 U.S. §§ 101-810, as a source of relief, he does not allege how Dehn's failure or refusal to put forward his proposed legislation amounts to a theft of copyrighted material (assuming, for sake of argument, that Washington's proposed legislation is subject to copyright protection at all.) Further, Washington points to no other source of law entitling him to formal consideration of his proposed legislation by elected representatives. Simply put, nothing in the law requires Dehn or the Minnesota Legislature to put Washington's proposed legislation to a vote, and nothing in the law permits the Court to compel the Minnesota Legislature to vote on that legislation. Because Washington's complaint fails to state a claim upon which relief may be granted, and because any proposed amendment of Washington's complaint would be

futile, it is hereby recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Theron Preston Washington's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: May 11, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.